**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT SZIJJARTO, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-4226 |
| | § | |
| KYLE McCARRELL AND DANTE | § | |
| FARIAS, d/b/a Primal Concepts, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON ATTORNEYS' FEES AND COSTS**

On December 6, 2011, the plaintiffs filed a class-action complaint alleging violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act,

TEX. FIN. CODE § 392.001 *et seq.* (Docket Entry No. 1). On May 10, 2013, the plaintiffs withdrew

their class-action allegations and notified the court that the parties were discussing settlement.

(Docket Entry Nos. 33, 34). After being advised of an amicable settlement, the court entered an

order of dismissal on June 24, 2013. The parties submitted an agreed proposed order for permanent

injunction, including a request for an unspecified amount of attorneys' fees and costs. (Docket Entry

No. 39). On August 30, 2013, the court entered the permanent injunction, dismissed the case with

prejudice, and ordered plaintiffs' counsel to file a fee application with supporting records. (Docket

Entry No. 42). The plaintiffs' counsel filed that application on September 19, 2013. The defendants

have not objected.

After considering the application for fees and costs, the related submissions, and the relevant

law, the court orders the defendants to pay the plaintiffs $20,134 in fees and $1,166.96 in costs. The

reasons are set out below.

## I.      Background

On December 6, 2011, the plaintiffs alleged that the defendants violated the FDCPA and TDCA.  The defendants did not timely respond.  In early March 2012, the plaintiffs informed the defendants that a continued failure to respond would result in an application for default judgment. On March 14, 2012, one of the defendants, Kyle McCarrell, filed a motion to disqualify counsel for the plaintiffs and a subsequent motion to dismiss the complaint.

The other defendant, Dante Farias, failed to respond, and plaintiffs filed an application for default judgment against him.  Farias responded to the complaint by filing a motion to dismiss on March 22, 2012.  A week later, both Farias and McCarrell filed their answers.

On May 1, 2012, the court denied all three initial motions.  McCarrell filed another motion to dismiss on October 24, 2012, and, on January 7, 2013, the court denied that motion and entered a scheduling and docket control order.  Shortly thereafter, the plaintiffs filed a notice of withdrawal of the class-action allegations.  An amicable settlement agreement was reached on June 24, 2013, which included a provision for attorneys' fees.  On September 19, 2013, the court received the fees and costs application.  Plaintiffs' counsel seek $20,899.00 in fees based on the following attorney hours and rates:

| Attorney | Hours | Rate | Total |
|----------|-------|------|-------|
| Marshall Meyers | 2.7 | $335.00 | $904.50 |
| Craig Ehrlich | 0.2 | $335.00 | $67.00 |
| Aaron Radbil | 2.8 | $335.00 | $938.00 |
| Tracey Tiedman | 0.1 | $335.00 | $33.50 |
| Noah D. Radbil | 57.9 | $250.00 | $14,475.00 |
| Andrea Crawford | 2.0 | $175.00 | $350.00 |

| Paralegals | 30.6 | $135.00 | $4,131.00 |

The fee application and the record are examined in light of the governing legal standard.

## II.    The Legal Standard For Attorneys' Fees

"[I]n the case of any successful action to enforce" FDCPA liability, a debt collector is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).  The Fifth Circuit uses the lodestar analysis to determine reasonable attorneys' fees.  *Turner v. Oxford Mgmt. Servs., Inc.*, 552 F. Supp. 2d 648, 650 (S.D. Tex. 2008) (citing *Forbush v. J.C. Penny Co.*, 98 F.3d 817, 821 (5th Cir. 1996)).  The lodestar amount is "the product of reasonable hours times a reasonable rate."  *Pennsylvania v. Del. Valley Council for Clean Air*, 478 U.S. 546, 647 (1986).  There is a "'strong presumption' that the lodestar represents the 'reasonable' fee."  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1672–73 (2010).

The lodestar amount may be adjusted up or down to ensure that the award is reasonable.  *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993).  When deciding whether and to what extent to depart from the lodestar, the court considers the twelve *Johnson* factors.  They include:

1.    the time and labor required to represent the client(s);
2.    the novelty and difficulty of the issues in the case;
3.    the skill requisite to properly perform the legal services;
4.    preclusion of other employment by the attorney due to acceptance of the case;
5.    the customary fee charged for those services in the relevant community;
6.    whether the fee is fixed or contingent;
7.    the time limitations imposed by the client or circumstances;

8.      the amount involved and the results obtained;
9.      the experience, reputation, and ability of the attorney(s);
10.     the undesirability of the case;
11.     the nature and length of the professional relationship with the client; and
12.     awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).  The most important factor is the "degree of success obtained."  *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (citing *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998)).

## A.      Reasonableness of the Hours Spent

The plaintiffs have submitted time sheets broken down by six-minute intervals.  (Docket Entry No. 44-5).  Six attorneys and ten legal assistants collectively spent 96.3 hours on this case, which began in August 2011.  The court finds and concludes that this amount of time is reasonable considering the four motions that the defendants filed, the plaintiffs' responses, and the time spent preparing for and attending court conferences and reaching settlement.  The time sheets are orderly and detailed.  The court finds that 96.3 hours is a reasonable amount of time spent on this case and that the hours spent were neither duplicative nor redundant.

## B.      Reasonableness of the Hourly Rates

The plaintiffs' counsel charged hourly rates of $335.00, $250.00, and $175 for their services and used legal assistants at a $135.00 hourly rate.  "'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'"  *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)).  "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate."  *Villegas v. Regions Bank*, H: 11-cv-904 (LHR), 2013 WL 76719, at *3

4

(S.D. Tex. Jan. 4, 2013) (Rosenthal, J.) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)).  "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is *prima facie* reasonable."  *Kellstrom*, 50 F.3d at 328.

Marshall Meyers worked 2.7 hours at  $350.00 an hour.  He is a founding partner and the managing partner of his firm, Weisberg & Meyer LLC, which handled this case.  He has spent his legal career on consumer-rights litigation.  He has tried cases to verdict and argued cases in Arizona's intermediate courts and high court.  He is admitted to practice in United States District Courts in Arizona, Florida, Illinois, Wisconsin, Indiana, Colorado, and Texas.  (Docket Entry No. 44-7 at 4).  Recently, the United States District Courts for the Districts of Arizona and Colorado have concluded that Mr. Meyers' $335.00 hourly rate is reasonable.  *See Jones v. Auto Warehouse, Inc.*, No. 12-cv-00712(BNB)(KMT), 2013 WL 3199994, at *1 (D. Colo. June 24, 2013); *Sanders v. Vohwinkel Sullo & Assocs., LLC*, No. 10-cv-01739 (D. Ariz. 2012).

Aaron Radbil also charged a $335 hourly rate and worked 2.8 hours.  A 2006 graduate of Miami School of Law, he has tried cases to verdict in state and federal court and has briefed and argued cases in several United States Courts of Appeals and in state appellate courts and high courts. Recently, the United States District Courts for the District of Colorado and the Southern District of Florida found that Aaron Radbil's $335 hourly rate was reasonable.  *Sparks v. H&P Capital, Inc.*, No. 11-cv-62145 (WPD) (S.D. Fla. 2012); *Jones*, 2013 WL 3199994, at *1.

The other attorneys who charged a $350 hourly rate were Craig Ehrlich and Tracey Tiedman. Mr. Ehrlich worked only .2 hours and Ms. Tiedman worked only .1 hours.  Mr. Ehrlich is the

managing attorney for Weisberg & Meyers' Georgia Office.  He has practiced exclusively in the area of consumer-finance litigation since 2010.  Ms. Tiedman practiced at Gibson, Dunn & Crutcher, LLP from approximately 1992 until she joined Weisberg & Meyers in 2010.  Andrea Crawford worked 2 hours at an hourly rate of $175.

Noah Radbil charged a $250 hourly rate and worked 57.9 of the 96.3 total hours worked ont his case.  His area of practice includes consumer-finance litigation and he manages the firm's Texas practice.  Recently, the Northern District of Texas and the District of Colorado have concluded that Mr. Radbil's hourly rates of $250 and $300 were reasonable.  *See Jones,* 2013 WL 3199994, at *1; *Powell v. Procollect, Inc.*, No. 11-cv-00846 (N.D. Tex. 2012) (Docket Entry No. 44-?) (finding $300 hourly rate reasonable).

Counsel have submitted the *United States Consumer Law Attorney Fee Survey Report 2010-2011*.  For "Texas Region Firms," the survey shows a median hourly rate of $312 and an average rate of $320 an hour.  The average attorney rate for Texas small firms is $319 and $327 for large firms.  The top quarter of attorneys practicing consumer-protection law bill a median hourly rate of $375 and the median hourly rate for the top 5% is $575.  In "cases involving Texas lawyers, the hourly rates range from $220 for associates and $510 for senior partners." *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-cv-1556-B (JJB), 2011 WL 3820704, at *5 (N.D. Tex. Aug. 26, 2011) (collecting cases).

The court finds that the hourly rates the plaintiffs' attorneys submitted are reasonable. Accordingly, the court awards $16,768 in attorneys' fees.

Legal assistants worked 30.6 on this case, at an hourly rate of $135.  The court finds that while the number of hours spent was reasonable, the hourly rates are too high.  The *United States*

6

*Consumer Law Attorney Fee Survey Report 2010-2011*, which was used to justify the attorneys'

fees, states that the "small firm average paralegal rate" in the Texas region is $77 and the "large firm

average paralegal rate" in the Texas region is $87.  The report states in relevant part:

> The average Texas Consumer Law firm employs 1.3 paralegals
> whose median billable hourly rate is $87 (same for the last two
> survey reports) and 41.7% of all Texas paralegals have billable
> hourly rate[s] between $75 and $124.  In the last survey report for
> this region, nearly the exact same percentage of paralegals had a
> billable rate between $75 and $149, indicating a shrinking of the
> hourly rate has occurred.

The report that counsel submitted calls into question the reasonableness of the $135 hourly rate for

this legal field.  Counsel cite only two out-of-state district-court decisions that found those rates

reasonable.  Based on the record, the court finds and concludes that a $110 hourly rate is reasonable,

considering the range that the report identifies, the specific nature of this case, the fact of settlement,

and this districts' most recent case law on fees for similar work.  *Wilmoth v. Fed. Home Loan Mortg.*

*Corp.*, No. 4:11-cv-4613 (MH), 2013 WL 6498395, at *1 (S.D. Tex. Dec. 5, 2013) (Harmon, J.)

(finding $110 hourly rate for legal-assistant work reasonable); *Simicek v. Wells Fargo Bank, N.A.*,

No. H:12-cv-1545, 2013 WL 5425126, at *6 (S.D. Tex. Sept. 26, 2013) (Werlein, J.) (finding $110

hourly rate reasonable).

   The court awards $3,366 in fees for the 30.6 hours of legal-assistant work at a $110 hourly

rate.  In total, the plaintiffs are awarded $20,134 in fees.  The court has considered the *Johnson*

factors and finds that no further departure, upward or downward, is warranted.

## III.   Costs

   The plaintiffs also seek $1,166.96 in costs.  Under the FDCPA, a debt collector is liable to

a successful plaintiff for "the costs of the action, together with a reasonable attorney's fee as

determined by the court." 15 U.S.C. § 1692k(a)(3).  The defendants do not object.  The court finds and concludes that the defendants are liable for the $1,166.96 in itemized costs.  *See* 28 U.S.C. § 1920.

**IV.     Conclusion**

The court orders the defendants to pay the plaintiffs $20,134 in fees and $1,166.96 in costs. *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 44 (5th Cir. 2008) (unpublished) ("The FDCPA provides that the person who recovers damages for a statutory violation, not that person's attorney should recover a reasonable attorney's fees . . . .  Accordingly, we vacate the award of attorney's fees to Richard Tomlinson and Craig Jordan, and remand this issue to the district court to award attorneys' fees directly to Hester." (citing 15 U.S.C. § 1692k(a)(3)).  Payment is due no later than March 28, 2014.

SIGNED on February 12, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge